IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                      Plaintiff,

  v.

CYNTHIA THORPE, RICK RAEMISCH,
JOHN BETT, JAMES GREER, DR. CALLAS,
DOCTOR SULIENE, DR. VOSS, LORI ALSUM,
DR. TOBIASZ, DR. BAIRD, GREGORY GRAMS,
OFFICER ARMSON, OFFICER CICHANOWSKI,
JOHN DOES, and DR. MAIN,

                      Defendants.

ORDER

11-cv-007-wmc

---

      Plaintiff Christopher Goodvine, a prisoner at Columbia Correctional Institution, has submitted a proposed amended complaint in this case, which is severed from case no. 10-cv-1035, into case no. 10-cv-1036 and transferred from the Eastern District of Wisconsin. Christopher Goodvine alleges that defendants have responded with deliberate indifference to his serious medical and mental health needs arising out of his compulsive refusal of food and liquids in violation of the Eighth Amendment. Plaintiff asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee. The initial partial payment is calculated by using the method established in 28 U.S.C. § 1915. That is, by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement.

      From the trust fund account statement that plaintiff submitted when he filed his original complaint in the Eastern District of Wisconsin, the greater of these two amounts is the average monthly balance, which is $79.85. Therefore, I have calculated plaintiff's initial partial payment

to be $15.97. Plaintiff must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $15.97 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

A decision on defendants' motion for screening of complaint, dkt. 30, will be deferred until the initial partial filing fee in this case has been received.


ORDER

IT IS ORDERED that plaintiff Christopher Goodvine is assessed $15.97 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $15.97 on or before February 4, 2011. If, by February 4, 2011, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 18th day of January, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2